**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALSON SCHMIDT, | Civil Action No. |
| Petitioner, | 09-1808 (NLH) |
| v. | **M E M O R A N D U M** |
|  | **O R D E R** |
| JOHN GRONDOLSKY, |  |
| Respondent. |  |

This matter is before the Court upon submission of Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, and it appearing that:

1. "In 1993, [Petitioner] was sentenced to 28 years imprisonment for narcotics conspiracy, conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, attempted robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 and 1952, and use of a firearm during a crime of violence under 18 U.S.C. § 924(c).  The conviction was affirmed on appeal." Schmidt v. United States, 1997 U.S. Dist. LEXIS 17664, at *1 (S.D.N.Y. Nov. 7, 1997)

II. In the same year, Petitioner filed his § 2255 motion with the court that rendered his conviction and sentence, namely, the United States District Court for the Southern District of New

   York; Petitioner's § 2255 motion was denied. See id. The denial of Petitioner's § 2255 motion was affirmed by the United States Court of Appeals for the Second Circuit. See Schmidt v. United States, 1999 U.S. App. LEXIS 7242 (2d Cir. N.Y. Apr. 9, 1999).

III. On April 10, 2009, Petitioner executed the instant Petition. See Docket Entry No. 1, at 3.  In his Petition, Petitioner: (a) asserts that his sentence is contrary to the holding of United States v. Williams, 558 F.3d 166 (2d Cir. 2009), a recent decision issued by the United States Court of Appeals for the Second Circuit ("Williams Argument"); and (b) also asserts that this Court has jurisdiction to entertain his Williams Argument on merits under § 2241 ("Jurisdiction Argument"). See Docket Entry No. 1.

IV. Setting forth his Jurisdiction Argument, Petitioner maintains that this Court has § 2241 jurisdiction to entertain the Williams Argument under the narrow exception set forth by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See Docket Entry No. 1, at 1.

V. Petitioner's argument lacks merit.  This Court is without jurisdiction under § 2241 to entertain Petitioner's instant application.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

VI. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1] See 28 U.S.C. § 2255; Davis v. United

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. §

---

because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251. A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the *inefficacy of the remedy, not the personal inability to use it, that is determinative*." Id. (emphasis supplied). "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[3] Id. at

---

[3] The United States Court of Appeals for the Third Circuit recognized that, under certain very rare situations, a prisoner

539.

VII. Since § 225 is neither inadequate nor ineffective vehicle for Petitioner's challenge that his trial court erred when it sentenced Petitioner, this Court is without jurisdiction to entertain the Petition under § 2241. The Court, therefore, is constrained to dismiss the Petition for lack of jurisdiction. See Devita v. Grondolsky, 2008 U.S. Dist. LEXIS 61404 (D.N.J. Aug. 8, 2008) (similarly dismissing an identical Whitley challenge for lack of jurisdiction). Moreover, since

---

who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses the issue of what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. However, the Court of Appeals emphasized that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the Court of Appeals was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52. Here, Petitioner's challenges do not assert a Dorsainvil-like scenario: the use of a firearm during a crime of violence (i.e., the act underlying Petitioner's challenge) was not rendered non-criminal by the holding of Williams nor was Williams, a decision of the Second Circuit Court of Appeals, a Supreme Court precedent made retroactively applicable on collateral review.) Thus, the holding of Williams is wholly irrelevant to this Court's Dorsainvil analysis, as well as the Court's "inadequate/ineffective" analysis.

>Petitioner already filed a § 2255 motion, and denial of that motion was affirmed by the Court of Appeals for the Second Circuit, this Court finds it not in the interests of justice to construe Petitioner's instant Petition as an application for leave to file second/successive § 2255 motion (the construction necessary for this Court to transfer the Petition to the Second Circuit).[4]

**IT IS** on this __28th__ day of __April__, 2009,

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner and shall close the file on this matter.

>s/Noel L. Hillman
>**Noel L. Hillman**
>**United States District Judge**

At Camden, New Jersey

---

[4] The Court, however, stresses that this Court's dismissal of the instant Petition and/or the Court's decision not to construe the Petition as an application for leave to file a second/successive § 2255 petition does not preclude Petitioner from seeking such leave from the Court of Appeals for the Second Circuit.